Filed 12/15/22

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY ALAN BURGESS,<br><br>    Defendant and Appellant. | A164763, A164969<br><br>(Humboldt County<br>Case No. CR091869AS) |

In these consolidated appeals, defendant Jeffrey Alan Burgess appeals the denial of his motion for resentencing under Penal Code section 1172.75[1] (former section 1171.1)[2], as well as the denial of his motion for resentencing under section 1385. We dismiss both appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2009, the Humboldt County District Attorney filed an amended information that charged Burgess with first degree residential

---

* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part B - Motion to Vacate Firearm Enhancement and Resentence Pursuant to Amended Section 1385 (*Wende* Appeal).

[1] All statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75. (Stats. 2022, ch. 58, § 12.) There were no substantive changes to the statute. Throughout this opinion, we cite to section 1172.75 for ease of reference.

1

robbery (§§ 211, 213, subd. (a)(1)(A)) and alleged an enhancement for personally discharging a firearm during the robbery (§ 12022.53, subd. (c)). The information included a prior prison term enhancement allegation (§ 667.5, subd. (b)).

In January 2010, pursuant to a plea agreement, Burgess was sentenced to 30 years in prison: nine years for the underlying robbery, a consecutive 20 years for the firearm use enhancement, and a consecutive one year for his prior prison term enhancement.

In February 2022, Burgess filed a motion in propria persona to vacate his one-year prison prior enhancement pursuant to section 667.5 and for resentencing. Burgess averred that newly amended language in section 667.5 rendered his existing sentence an "illegal sentence." The trial court issued a written order denying Burgess' motion to vacate. The court stated in relevant part: "[Burgess] erroneously [sought] relief under Penal Code § 667.5. It is the newly added Penal Code § 1171.1 that affords the type of relief sought by Petitioner. However, Penal Code § 1171.1 does not allow Petitioner to seek such relief from this Court on their own motion. See Cal. Pen. Code § 1171.1(b)." Burgess appealed the court's order. This appeal has been designated Case No. A164763.

In March 2022, Burgess again petitioned to vacate his sentence for resentencing, seeking relief this time pursuant to "new statutory law under Senate Bill 81" which enacted amendments to section 1385. The trial court issued a written order denying Burgess' motion for resentencing. The court stated in relevant part: "[Burgess] seeks relief pursuant to Penal Code § 1385 and specifically cites to the amendments of that code resulting from Senate Bill 81, effective January 1, 2022. The amendments to Penal Code § 1385 do not allow a defendant, or petitioner, to seek dismissal or the striking of an

2

enhancement on their own motion. Further, the newly added subdivision (c) only applies to sentences occurring after January 1, 2022." Burgess appealed this order as well. This appeal has been designated Case No. A164969.

On April 19, 2022, in A164763, Burgess through appointed counsel filed his opening brief contending the trial court erred in refusing to recall his sentence and resentence him in accord with section 1172.75. On May 12, 2022, in A164969, Burgess through his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting that this court independently review the record to determine whether there are any arguable issues on appeal. Counsel declared that Burgess was advised of his right to file a supplemental brief, but Burgess has not filed any such brief.

On the court's own motion, in the interests of judicial economy, we consolidate A164763 and A164969.

## DISCUSSION

**A. A164763 – Motion to Vacate Prison Prior Term Enhancement and Resentence Pursuant to Amended Section 667.5, subdivision (b)**

Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, Senate Bill 136 (Stats. 2019, ch. 590) ("SB 136") amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Enhancements based on prior prison terms served for other offenses became legally invalid.

3

(*Id*. at p. 682.)  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020.  (*Id*. at pp. 681–682.)

Later, in 2021, the Legislature enacted Senate Bill No. 483 ("SB 483"). This bill sought to make the changes implemented by SB 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75, subd. (a).)  The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements.  Subdivision (b) directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."  (§ 1172.75, subd. (b).)  The statute provides this is to be done in two groups.  First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement."  (§ 1172.75, subd. (b)(1).)  And second, "[b]y July 1, 2022, for all other individuals."  (§ 1172.75, subd. (b)(2).)

4

After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of the statute, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) This part of section 1172.75 also divides relief into two parts. Specifically, the review and resentencing shall be completed "[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [affected] enhancement" (§ 1172.75, subd. (c)(1)) and "[b]y December 31, 2023, for all other individuals" (§ 1172.75, subd. (c)(2)).

Burgess contends that his "motion requesting resentencing contained all the required information" set forth in section 1172.75, subdivision (b), so the trial court was required to verify that the now illegal enhancement was part of his original sentence and to recall the sentence. He says the trial court erred in denying his motion based on its view that section 1172.75 did not allow him to seek such relief from the court on his own motion.

This court, however, lacks jurisdiction to consider Burgess' appeal of the trial court's order denying his petition for resentencing. In *People v. King* (2022) 77 Cal.App.5th 629 (*King*), rev. denied July 27, 2022, the defendant moved to vacate an unauthorized portion of his 105-year sentence, approximately 35 years after he was originally sentenced. (*Id.* at p. 633.) The court explained: "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal

5

from such an order must be dismissed.' " (*Id*. at p. 634.)  Several exceptions to this jurisdictional rule were noted by the court.  For instance, even after a judgment is final, the court retains jurisdiction to resentence the defendant pursuant to "specific statutory avenues for incarcerated defendants to seek resentencing in particular cases," or pursuant to a "properly filed" habeas petition.  (*Id*. at p. 637.)  But the court found no exception applied.  (*Id*. at pp. 637–642.)

The *King* court also explained that a "freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief.  A motion is not an independent remedy, but must be attached to some ongoing action.  [Citation.]  Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*King*, *supra*, 77 Cal.App.5th at p. 640.)  Since the defendant in that case had filed his motion to correct his sentence more than 30 years after he had begun serving it, the court concluded that absent any exception, the trial court had no jurisdiction to entertain the defendant's motion to vacate his sentence and it had no appellate jurisdiction, so it dismissed the appeal.  (*Id*. at pp. 633–634, 641.)

Here, Burgess similarly moved to correct an illegal sentence years after his conviction became final and he had begun serving his sentence.  He began serving his sentence in 2010, and he filed his motion for resentencing under section 1172.75 in 2021, at which point the judgment against him had been final for many years.  The trial court lacked jurisdiction to adjudicate Burgess' motion for resentencing, and we lack jurisdiction over his appeal from the motion's denial.  (See *King*, *supra*, 77 Cal.App.5th at p. 634.)

6

Even if we were to consider Burgess' claim on the merits, it would fail. Burgess' appeal raises issues of statutory construction, which presents issues of law subject to our independent review. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 732.) " 'Our decisions have long recognized that a court's "overriding purpose" in construing a statute is "to give the statute a *reasonable* construction conforming to [the Legislature's] intent [citation] . . ." ' [Citation.] 'The court will apply common sense to the language at hand and interpret the statute to make it workable and reasonable.' [Citation.] 'When a statute is capable of more than one construction, " '[w]e must . . . give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.' " ' " (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 567.)

Here, there is no dispute that Burgess' one-year sentence for his prison prior enhancement pursuant to section 667.5, subdivision (b) is legally invalid under the amendments to section 1172.75, subdivision (a). It was imposed before January 1, 2020, and did not involve a sexually violent offense. However, his motion for resentencing, even presuming it contained all the information for the court to review and to verify the inclusion of a repealed enhancement, did not authorize Burgess to obtain resentencing relief at this juncture.

As discussed above, section 1172.75 provides deadlines for the CDCR Secretary and the courts to comply with its provisions. (§ 1172.75, subd. (b).) By staggering deadlines, it gives priority for relief to those persons who have already served their base term as well as any other sentencing enhancements imposed and are currently serving the prior prison term enhancement.

7

(§ 1171.1, subds. (b) & (c).)  The statute allows courts to complete resentencing for the priority group by October 1, 2022, and for all other eligible persons by December 31, 2023.  (*Ibid.*)

The legislative history of SB 483 reflects the Legislature's purpose in staggering the schedule to minimize the impact on trial courts, while ensuring that those inmates currently serving time on the invalid enhancements are prioritized for relief, so they do not lose the benefit of the ameliorative change in the law.  As originally introduced, the bill required the CDCR Secretary and county correctional administrators to identify all affected persons by a March 1, 2022 deadline and the courts to amend any abstract of judgments that included the repealed enhancement no later than July 1, 2022.  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) Apr. 27, 2021, p. 2.)  The Senate Committee on Appropriations expressed concern about whether four months would give the courts sufficient time to make the necessary amendments:  "It is unclear if this would provide the courts enough time to comply with this measure without diverting resources from other responsibilities or receiving additional funding, the latter of which might not be possible given that the deadline imposed by SB 483 for the courts to complete their tasks would precede when a request for resources could be considered and acted upon by the Legislature during the typical budget cycle (unless it is done through a current-year budget action at the beginning of the calendar year).  Consequently, this measure could lead to a further delay in court services."  (Sen. Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) May 7, 2021, p. 3.)  Subsequently, the committee prepared an addendum to its analysis discussing amendments to stagger the compliance schedule and extend the deadline for CDCR and county administrators to report to the

courts, as well as the deadline for the courts to amend impacted abstracts of judgment, with respect to "individuals who have not served their base term and any other enhancements and currently are not serving a sentence based on an enhancement that is the subject of this measure." (Sen. Com. on Appropriations, Amended Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) May 20, 2021, p. 2.)

Burgess was sentenced in 2010 to 30 years in prison, which consisted of a nine-year term for robbery, a 20-year consecutive term for a firearm enhancement, and a one-year consecutive term for the prison prior enhancement. He has not yet begun serving the now invalid prison prior enhancement and is thus not eligible for priority in recall and resentencing. Remanding this case for resentencing at this juncture would undermine the purpose of the staggered statutory deadlines and could allow Burgess to obtain relief before others who are currently serving time on legally invalid enhancements. Burgess is assured by the terms of the statute to be resentenced by December 31, 2023, well before he will begin to serve any time for the prison prior enhancement. He has made no showing as to why this timing is inadequate in light of his overall sentence. The court did not err in denying his request to vacate and resentence.

Noting the People's concession that his sentence is legally invalid, Burgess presses that "nothing in [section 1172.75,] subdivision (b) or (c) prohibits a defendant from seeking and obtaining relief under section 1172.75 on his own initiative and before these deadlines." He contends that "the statutory language requires remand and resentencing once the trial court receives the information necessary to verify that a defendant is entitled to relief." We disagree. While Burgess correctly observes that there is no express prohibition against a defendant from seeking relief on his or her own,

9

he disregards that the Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. (§ 1172.75, subds. (b) –(c).) Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion.

Addressing the legislative history, Burgess argues that the "concern about limited resources and delayed services remains throughout the legislative history despite the addition of the staggered statutory deadline." He asserts that "it is difficult to conclude that the Legislature concocted the staggered statutory deadlines for the purpose of ensuring no disruption to, or delay in, court services, when the Legislature itself recognized that disruption and delay remained a concern even under the amended scheme." Again, we disagree. The staggered and extended statutory deadlines were proposed in conjunction with concerns about the increase in workload to the courts and the CDCR. (See Sen. Com. on Appropriations, Amended Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) May 20, 2021, pp. 1–2.) It is thus reasonable to infer that the staggered and extended deadlines were added to address these concerns. Further, simply because workload concerns persisted in light of the added duties imposed on the courts and others provides no support for circumventing the express procedure established by the Legislature.

Finally, Burgess contends interests of judicial economy warrant immediate recall and resentencing since remand now will save CDCR from duplicating efforts later. We are not persuaded by these arguments either.

We decline to adopt any construction which allows Burgess or any other defendant who is not yet serving a sentence based on an enhancement that section 1172.75 repeals to jump the line in front of those who are.

## B.    A164969 – Motion to Vacate Firearm Enhancement and Resentence Pursuant to Amended Section 1385 (*Wende* Appeal)

Burgess' appointed counsel has identified no issues for review but rather filed an opening brief asking that this court conduct a *Wende* review. Counsel also informed Burgess that he had the right to file a supplemental brief on his own behalf, but he has not done so.

Burgess' counsel correctly recognizes that certain authorities have held that *Wende* review is constitutionally required only from a defendant's first appeal from a criminal conviction.  (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, rev. granted Oct. 14, 2020, S264278 (*Cole*) [*Wende* does not apply to appeals from the denial of postconviction relief]; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, rev. granted May 12, 2021, S267870 (*Figueras*) [following *Cole*]; *People v. Flores* (2020) 54 Cal.App.5th 266, 273 (*Flores*) [*Wende* procedures inapplicable to appeal from denial of petition for resentencing under § 1172.6].)  As explained in *Cole*: "*Wende* set forth the procedures to be followed during the defendant's 'first appeal of right'—that is, during the direct appeal of his judgment of conviction and sentence." (*Cole,* at p. 1031; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133 [*Wende* procedures are inapplicable to appeal from an order revoking post-release community supervision, as such an appeal is not a direct appeal from a judgment of conviction].)

We apply the reasoning of *Cole,* as Burgess' appeal from the order denying his motion for resentencing pursuant to section 1385 is not a direct

appeal from a judgment of conviction.  Because Burgess has failed to file a supplemental brief raising any issues for our review, we shall dismiss the appeal.  (*Cole*, *supra*, 52 Cal.App.5th at p. 1028 [court may "dismiss [the] appeal as abandoned" when counsel files a *Wende* brief and defendant fails to file a supplemental brief].)

Even if we were to exercise our discretion to conduct an independent review of the denial of Burgess' resentencing motion, the result would not be favorable to Burgess.  (*Flores*, *supra*, 54 Cal.App.5th at p. 269 [court may exercise discretion to conduct *Wende* review even where it is not constitutionally required].)  SB 81 amended section 1385 by adding subdivision (c), which provides in part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (§ 1385, subd. (c)(1)–(2).)  SB 81 also added subdivision (c)(7) to section 1385, which provided: "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision."  (Stats. 2021, ch. 721, § 1, subd. (c)(7).)  Assembly Bill No. 200 amended subdivision (c)(7) to provide: "This subdivision shall apply to all sentencings occurring after January 1, 2022."  (§ 1385, subd. (c)(7).)  Because Burgess' sentencing hearing occurred before January 1, 2022, SB 81 does not apply to him.  Further section 1385, subdivision (a) does not authorize a defendant to make a motion to reconsider a sentence that is final.  (See *People v. Hernandez* (2000) 22 Cal.4th 512, 522 ["Penal Code section 1385, subdivision (a), provides that dismissal of an action, or part of an action, may be only on the judge's own motion or 'upon the application of the prosecuting attorney'; a defendant does not have the statutory privilege of moving to dismiss an action, or part of an action, under Penal Code section 1385, subdivision (a)."].)

12

Accordingly, the trial court correctly denied Burgess' motion on these grounds.  Having independently reviewed the record, we conclude there are no arguable issues that require further briefing that would resolve in a manner favorable to defendant and affirm the judgment.

## DISPOSITION

Case Nos. A164763 and A164969 are dismissed.

 

_____
Petrou, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Fujisaki, J.

A164763/A164969/*People v. Burgess*

Trial Court:        Humboldt County Superior Court

Trial Judge:        Hon. Gregory Elvine-Kreis

Counsel:            Office of Attorney General, Rob Bonta, Attorney General,
                    Lance E. Winters, Chief Assistant Attorney general, Jeffrey
                    M. Laurence, Senior Assistant Attorney General, Amit
                    Kurlekar, Deputy Attorney General, Jalem Z. Peguero,
                    Deputy Attorney General, for Plaintiff and Respondent.

                    First District Appellate Project, Catherine White, for
                    Defendant and Appellant.